IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Victor Pacheco,<br><br>            Petitioner,<br>  v.<br><br>United States of America,<br><br>            Respondent. | NO. C 12-01723 EJD<br>NO. CR 01-20050 EJD<br><br>**ORDER DISMISSING PETITIONER'S MOTION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255 WITH PREJUDICE; DENYING CERTIFICATE OF APPEALABILITY** |

Presently before the Court is Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.[1]

**A.    Motion Pursuant to 28 U.S.C. 2255**

Petitioner moves for a reduction in sentence pursuant Section 2255 on the basis of ineffective assistance of counsel. (Motion at 1.) As a preliminary matter, the Court first examines whether the Petition is timely.

Title 28 U.S.C. § 2255 provides that a "1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the judgment of conviction becomes final." United States v. Buckles, 647 F.3d 883, 887 (9th Cir. 2011) (citing 28 U.S.C. § 2255(f)(1)). A criminal defendant "must file a notice of appeal with the district court within fourteen days of the entry of judgment." United States v. Graham, No. CR 06-00725 SI, 2010 WL 5056189, at *1 (N.D. Cal. Dec. 6, 2010) (citing Fed. R. App. P. 4(b)(1)(A)(I)). "If a criminal defendant fails to file a notice of appeal within fourteen days and does not establish

---

[1] (hereafter, "Motion," Docket Item No. 344 in No. CR 01-20050 EJD.) All subsequent docket citations are to the criminal case, CR 01-20050 EJD.

excusable neglect, the judgment is final." Garcia v. United States, No. SACV 12-0492 DOC, 2012 WL 3217707, at *3 (C.D. Cal. Aug. 3, 2012).

Here, the record shows that on January 24, 2005, judgment was entered against Petitioner. (See Docket Item No. 312.) The record indicates that Petitioner did not file a notice of appeal of the January 24 Judgment. Accordingly, the Judgment became final fourteen days after it was entered, i.e., in February of 2005. Graham, 2010 WL 5056189, at *1. However, Petitioner did not file the present Motion until April 5, 2012, i.e., over seven years after his Judgment became final. (See Motion.) Accordingly, as the present Motion was filed well beyond the one-year limitations period for § 2255 motions, Petitioner's Motion is untimely. Buckles, 647 F.3d at 887. Moreover, although the one-year limitations period may under certain circumstances be tolled–in particular, if the petitioner shows that "some extraordinary circumstance" caused his untimeliness[2]–the present Motion does not contend that any such "extraordinary circumstance" exists in this case.

In fact, the record shows that Petitioner is aware of certain of his appellate rights. For example, on October 17, 2011, nearly six and a half years after the Judgment, Petitioner filed a "Petition to Amend Judgment Pursuant to Rule 36." (See Docket Item No. 335.) On November 10, 2011, the Court denied Petitioner's request. (See Docket Item No. 337.) On November 23, 2011, Petitioner appealed the Court's denial of the Petition to Amend to the Ninth Circuit Court of Appeals and also filed a Motion for Reconsideration. (See Docket Item Nos. 339, 340.) On December 7, 2011, the Court denied Petitioner's Motion for Reconsideration. (See Docket Item No. 343.) On July 2, 2012, the Ninth Circuit affirmed the Court's denial of Petitioner's Motion to Amend Judgment. (See Docket Item No. 348.) The fact that Petitioner appealed the Court's November 10 Order demonstrates that he is sufficiently sophisticated in understanding his appellate rights.

Accordingly, the Court DENIES Petitioner's 2255 Motion as untimely.

---

[2] Buckles, 647 F.3d at 889.

### B. Certificate of Appealability

At issue is whether the Court should issue a certificate of appealability.

In a § 2255 proceeding, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b). Such certification may issue "only if [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b)(1).

To satisfy the § 2253(c)(2) standard, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); Hiivala v. Wood, 195 F.3d 1098, 1104 (9th Cir. 1999). When a petition is denied based on procedural grounds without reaching the merits of the claim, a certificate of appealability shall be issued if the petitioner makes two showings. See Slack, 529 U.S. at 484-85. First, a petitioner must show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." Id. at 484. Second, a petitioner must show that reasonable jurists would "find it debatable whether the district court was correct in its procedural ruling." Id. Both showings are required before a certificate of appealability will be issued. See Lambright v. Stewart, 220 F.3d 1022, 1026-27 (9th Cir. 2000).

Here, Petitioner does not satisfy the standard for a certificate of appealability for a denial of constitutional rights or on procedural grounds. In particular, Petitioner has not made any showing of a denial of a constitutional right. Therefore, the Court finds that reasonable jurists would not find the Court's conclusions "debatable."

Accordingly, the Court finds that Petitioner has not made the required showing for a certificate of appealability.

3

**C.** **Conclusion**

The Court DISMISSES Petitioner's Motion for Writ of Habeas Corpus Pursuant to § 2255 with prejudice. No certificate of appealability shall be issued for this appeal. Judgment shall be entered accordingly.

Dated: 9/20/2012

EDWARD J. DAVILA
United States District Judge

4

| | |
|---|---|
| 1 | **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:** |
| 2 | Victor Pacheco |
|   | #99546-111 |
| 3 | GeoCare Community Center |
|   | 111 Taylor Street, |
| 4 | San Francisco, CA 94102 |

**Dated: September 21, 2012**          **Richard W. Wieking, Clerk**

**By:** _____
**Elizabeth Garcia**
**Courtroom Deputy**

United States District Court
For the Northern District of California